IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOZE MEMORIAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-669-P |
| | § | |
| THE TRAVELERS LLOYDS | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendant The Travelers Lloyds Insurance Company ("Defendant" or "Travelers") has filed a motion to compel the deposition of Jackson Fulgham and a request for expedited consideration of this motion. *See* Dkt. No. 84. Judge Solis has referred this motion to the undersigned magistrate judge. *See* Dkt. No. 85. Defendant reports that counsel for Plaintiff Boze Memorial, Inc. has stated that Plaintiff takes no position on the motion and is neither opposed nor unopposed to the motion. *See* Dkt. No. 84 at 4. The Court previously granted Defendant's request for expedited consideration, *see* Dkt. No. 86, and Fulgham, through his counsel, filed a response in opposition, *see* Dkt. No. 88, and Defendant has filed a reply, *see* Dkt. No. 89. For the reasons explained herein, Defendant's motion to compel [Dkt. No. 84] is DENIED.

### **Background**

The pertinent factual background is not disputed. On July 31, 2013, Defendant caused Fulgham to be personally served with a subpoena for Fulgham's testimony at

a September 10, 2013 deposition at Plaintiff's counsel's office and, at the same time, with a check for a witness fee and mileage allowance totaling $42.26 (representing a $40.00 witness fee and $2.26 mileage allowance). *See* Dkt. No. 84-1 at 1-4. On September 9, 2013, Fulgham's counsel faxed Defendant's counsel and Plaintiff's counsel a letter stating that service of a subpoena had not been effectuated on Fulgham and that Fulgham would not attend any deposition on September 10, 2013. *See id.* at 5. The letter specified that "[t]he statutory attendance fee was not delivered to Mr. Fulgham." *Id.* Fulgham, in fact, failed to appear for a September 10 deposition. *See id.* at 6-8.

Defendant then moved for an order compelling Fulgham to appear for his deposition in the Dallas area prior to the October 1, 2013 discovery deadline in this case. *See* Dkt. No. 84. Fulgham opposes the motion on the ground that Defendant failed to serve Fulgham with the proper mileage allowance and that this failure renders service invalid under Fed. R. Civ. P. 45. *See* Dkt. No. 88. In reply, Defendant acknowledges that "it appears" that the mileage allowance it tendered to Fulgham "may have been calculated incorrectly." Dkt. No. 89 at 2. Defendant explains that "[t]he mileage fee was prepared based on the location for previously noticed depositions," which was the office of Plaintiff's prior counsel, and that, "when the check was obtained for the witness fee and mileage fee, the fee calculation was not amended to account for the new deposition location" at Plaintiff's new counsel's office. *Id.* at 2-3. Defendant asks the Court to order Fulgham to appear for his deposition anyway, noting that, "[i]f Fulgham had simply raised this issue at any time prior to the deposition, Travelers

would have gladly tendered the remainder of the [properly calculated] mileage fee (approximately $13.00), and is willing to tender such fee prior to Fulgham's deposition." *Id.* at 3.

## Legal Standards and Analysis

But Defendant's requested result is not what the governing law provides and dictates under these circumstance. Rule 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." FED. R. CIV. P. 45(b)(1). The United States Court of Appeals for the Fifth Circuit has held that "[t]he conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance. [T]he plain meaning of Rule 45[(b)(1)] requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena." *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) (internal quotation marks omitted). "A deposition witness is entitled to a statutory fee of forty dollars and a reasonable mileage allowance based on his mode and distance of transportation" – that is, the reasonably estimated mileage allowed by law. *Id.* at 705.

The Court of Appeals provided guidance on how to resolve whether a particular estimate of the required mileage allowance is "reasonable," but that is not the issue in this case. *See id.* This is not a case in which Defendant stands by its estimate of the proper amount of a mileage allowance and in which the would-be deponent challenges the reasonableness of that amount. Rather, Defendant does not claim that the mileage

allowance that it tendered to Fulgham was reasonable for the actual location for which its subpoena noticed Fulgham's deposition. Defendant acknowledges an error in calculating the mileage allowance in the check served on Fulgham. The mileage allowance that it tendered – $2.26 – is simply not a reasonable estimate of the proper mileage allowance that Fulgham claims for travel to the location for the deposition noticed in the subpoena – $15.36. *See* Dkt. No. 88; Dkt. No. 89. Defendant does not really dispute this point. The undersigned is well aware that this is a difference of just over $13.00, but the Fifth Circuit has addressed a similar argument and rejected it because Rule 45(b)(1) "contains no *de minimis* exception." *Dennis*, 330 F3d at 705; *see also Aramark Corr. Servs., LLC v. County of Cook*, No. MISC-12-111-KES, 2012 WL 3792225, at *1 (D.S.D. Aug. 31, 2012); ("Even though the difference between the amount paid and the amount owed may be small, 'rule 45(b)(1) contains no *de minimis* exception.'" (quoting *Dennis*, 330 F.3d at 705)).

Defendant asserts that the *Dennis* decision is distinguishable because, in that case, no mileage allowance was tendered. But the undersigned does not read the Fifth Circuit's holding so narrowly. Rather, the undersigned, like other courts following *Dennis*, reads *Dennis* to dictate that a failure to tender the appropriate, required mileage allowance– that is, an amount for the reasonably estimated mileage allowed by law – renders service of a subpoena incomplete and precludes the Court from compelling the deposition testimony. *See Aramark*, 2012 WL 3792225, at *2; *accord Kador v. City of New Roads*, No. 07-682-D-M2, 2010 WL 3418265 (M.D. La. Aug. 26, 2010). The Court of Appeals resolved the issue in *Dennis* on the facts at issue there on

-4-

the basis that, "when the subpoenaing party makes no attempt to calculate and tender at least a reasonably estimated mileage allowance, he plainly violates rule 45(b)(1) and leaves us with no factual basis from which to review the court's decision," and, "[t]hus, a court does not abuse its discretion by quashing a subpoena where the subpoenaing party tendered no mileage allowance whatsoever with the subpoena." *Dennis*, 330 F.3d at 705. But the Court of Appeals did not limit its discussion and analysis to circumstances in which the subpoenaing party tendered no mileage allowance whatsoever with the subpoena. Rather, the Fifth Circuit explained that a subpoena may be invalid under its interpretation of Rule 45(b)(1) even where the subpoenaing party tendered some mileage allowance but did so in an estimated amount that was both incorrect and did not reasonably compl[y] with rule 45(b)(1)," based on the multifactor analysis that the Court of Appeals laid out. *Id.* at 705 & n.12.

In this case, however understandable Defendant's mistake may have been, Defendant does not – and cannot – argue that the mileage allowance that it tendered to Fulgham was a reasonably estimated mileage allowance for the location listed on the subpoena itself, taking into account "factors such as the witness's distance from the deposition site, his common mode of travel, his expected mode of travel, the common mode of travel in the community, advance planning between the subpoenaing party and the witness, the expected length of the deposition, and so forth." *Id.* at 705. While the Court of Appeals explained in *Dennis* that a district court retains discretion to determine, "if the subpoenaing party's estimate is incorrect, whether it nevertheless reasonably complies with rule 45(b)(1)" based on the non-exclusive factors listed in the

previous sentence, the Court here is not faced with the decision of "whether a subpoenaing party's estimate of the mileage allowance is reasonable." *Id.* at 705 nn.11 & 12. It was not, by Defendant's (at least implicit) admission. Rather, the amount that Defendant tendered to Fulgham for his mileage to the noticed location was simply the result of a mistake, "[e]ven though the difference between the amount paid and the amount owed may be small" – in absolute terms (roughly $13.00), though not in relative terms (where the $2.26 tendered for mileage is only approximately 15% of the $15.36 that Fulgham asserts should have been tendered).

  Put another way, Defendant does not claim that it made an estimate of Fulgham's mileage based on the location of the noticed deposition and that, even if that estimate was ultimately incorrect for some reason, its estimate was nevertheless reasonable that mileage, accounting for Fulgham's distance from the deposition site, his common mode of travel, his expected mode of travel, the common mode of travel in the community, advance planning between the subpoenaing party and the witness, and the expected length of the deposition. *See Dennis*, 330 F.3d at 705. To the contrary, Defendant acknowledges that, in tendering a $2.26 mileage allowance, it did not estimate Fulgham's mileage based on the <u>actual</u> location of the noticed deposition at all but rather the tendered mileage allowance "was prepared based on the location for previously noticed depositions," which was the office of Plaintiff's prior counsel, and, "when the check was obtained for the witness fee and mileage fee, the fee calculation was not amended to account for the new deposition location." Dkt. No. 89 at 2-3.

Further, while the undersigned has not located any governing authority that makes clear whether tendering the remainder of the required fee prior to the noticed deposition could cure a Rule 45(b)(1) defect, in this case Defendant did not do so and still has not tendered the required amount. And, in any event, Rule 45(b)(1) "makes no provision for serving a subpoena and promising to pay the fee later." *Tucker v. Tangipahoa Parish Sch. Bd.*, Civ. A. No. 06-3818, 2007 WL 1989913, at *2 (E.D. La. July 3, 2007); *accord Aramark*, 2012 WL 3792225, at *2.

Here, Defendant does not dispute Fulgham's assertion that Rule 45(b)(1)'s requirements (however technical they may be) were not satisfied. And, notwithstanding whether Fulgham has made the required personal service difficult to accomplish, *see Nunn v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-cv-1486-D, 2010 WL 4258859, at *1 (N.D. Tex. Oct. 21, 2010), "[a]t this stage of this litigation, the subpoena *ad testificandum* is invalid, and the court cannot force [Fulgham's] compliance," *Aramark*, 2012 WL 3792225, at *2. Nothing in this Order, however, prevents Defendant from seeking to depose Fulgham if it can do so by agreement or in accordance with all of Rule 45's requirements and consistent with other governing rules and the Court's other orders in this case. *See Pride Family Brands, Inc. v. Carls Patio, Inc.*, No. 12-21783-CIV, 2013 WL 4647216, at *7-8 (S.D. Fla. Aug. 29, 2013); *Walton v. Yates*, No. 3:94-cv-2007-D, 1996 WL 734953, at *1 (N.D. Tex. Dec. 10, 1996).

## Conclusion

Accordingly, Defendant's motion to compel [Dkt. No. 84] is DENIED. The Clerk of Court is directed to serve, by facsimile and first-class mail, a copy of this order on

Kent Canada, as counsel for Jackson Fulgham, at the address and facsimile number listed in the certificate of service in Dkt. No. 84 at 5 and by email to kentcanada@gmail.com.

SO ORDERED.

DATED: September 20, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE